IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 16-218-01 |
| JEROME WOODS | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                     **OCTOBER 27, 2016**

      On June 22, 2016, a grand jury returned a Superseding Indictment charging Jerome Woods as follows:

      Count One: Conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) between April, 2008 and May, 2016;

      Count Two: Possession with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(c), and 18 U.S.C. § 2 on June 12, 2014;

      Count Nine: Attempt to possess with intent to distribute and aided and abetted attempt to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 on January 14, 2013;

      Count Ten: Possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) on June 16, 2016.

      On June 24, 2016, a detention hearing was held before Magistrate Judge Thomas Rueter. At that hearing Defendant stipulated to detention. On September 27, 2016, Defendant filed a Motion To Revoke Order Of Detention (ECF No. 172). On October 4, 2016, the Government filed a response in opposition (ECF No. 174). A hearing on the Motion was held on October 13,

2016.  At the hearing Counsel for the Government and Counsel for Defendant each submitted exhibits and made oral argument in support of their respective positions.  On October 21, 2016, an Order was entered denying Defendant's Motion and directing that Defendant be detained.  This Memorandum provides the reasons for that Order.

Section 3142(e)(3)(A) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.* provides as follows:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed
> (A) An offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. § 801 *et seq*) . . .

An indictment is sufficient to establish the existence of probable cause thereby triggering this rebuttable presumption.  *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).  The presumption shifts to the Defendant the burden of producing evidence that he is neither a danger to the community or a risk of flight.  *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) ("Defendant must produce some credible evidence forming the basis for his contention that he will appear and will not pose a threat to the community.").

Section 3142(g) of the Bail Reform Act also provides factors that this Court should consider in determining whether Defendant is a risk of flight or a danger to the community.  Those factors include the nature and circumstances of the offense charged, the weight of the evidence against Defendant, and the history and characteristics of Defendant.  Specifically, Section 3142(g) provides that the Court should consider Defendant's ties to the community, his family ties, his employment and financial resources, his prior criminal history, whether he is presently on probation or parole, and his history concerning appearance at court proceedings.

The Court should also inquire into the source of the property to be offered as collateral to secure a bond, or that will be the subject of potential forfeiture.

At the hearing on the Motion, the following facts were established.  On May 5, 1996, Defendant was arrested in Marple Township, Delaware County, Pennsylvania, and charged with the crime of Driving Under The Influence and related offenses.  He was released on bail.  At some time during the proceedings that followed, he failed to appear and a bench warrant was issued.  The record also reflects that on February 10, 1999, Defendant was arrested in New York City on drug charges.  On March 16, 1999, Defendant failed to appear in court and a bench warrant was issued.

On September 6, 2015, Defendant's  wife by Islamic marriage, was assaulted by Defendant who repeatedly struck her in the face with his closed fist.  Defendant is a boxer.  The significant injury to his wife is clearly shown in photographs taken at the time and offered at the hearing.  (Exhibits G-1 through G-4.)  Defendant also tried to run his wife down with his motor vehicle as she was getting into the open door of a U-Haul truck.  Defendant's vehicle struck the open door of the U-Haul truck.  As a result of this incident, Defendant's wife filed charges against him with the Lower Merion Township police.  Those charges were Simple Assault, Recklessly Endangering Another Person, Harassment, Reckless Driving and Accident Involving Damage To Unattended Vehicle or Property.  An arrest warrant was issued for Defendant.  On January 6, 2016, Defendant was arrested on the warrant and taken into custody.  A preliminary hearing was scheduled for January 19, 2016, and Defendant posted bail.  Prior to the preliminary hearing, Defendant's wife advised the authorities that she would not appear at the hearing and that she did not want to go forward with the prosecution.  As a result, the charges against Defendant were withdrawn.

During the course of the proceedings in Lower Merion Township, the authorities learned of the fugitive warrant that had been issued in 1996 in the Marple Township Driving Under The Influence case. On February 11, 2016, twenty years after the offense, Defendant finally appeared in the Delaware County Court and entered a plea of guilty to Driving Under The Influence. He was sentenced to home confinement followed by a period of probation. On June 16, 2016, when Defendant was arrested on the instant charges, the FBI agents found Defendant in possession of cocaine. This is reflected in Count Ten of the Indictment. It is also a violation of Defendant's probation in the 1996 Delaware County case.

With regard to the fugitive warrant in the 1999 New York City drug case, in 2011 when Defendant was returning to the United States from the Middle East where he had lived with his wife for a period of time for religious reasons, the authorities in Loudoun County, Virginia took Defendant into custody on the 1999 warrant. Defendant was ultimately released because the New York authorities did not do the paperwork required for his extradition. This was the second time that Defendant has been detained on this New York City fugitive warrant. In 2006, in Philadelphia when Defendant was facing theft charges, this fugitive warrant was discovered. Again, New York took no action and Defendant was not detained. Interestingly, in the seventeen years since the warrant was issued and after being detained twice on the warrant, Defendant has not gone to New York City to address the matter.

The charges against Defendant here are serious. He is charged with conspiring with other individuals to transport hundreds of pounds of marijuana on multiple occasions over a period of more than six years. Defendant and his co-conspirators would transport large amounts of cash from the Philadelphia area to Arizona and California. The money was then used to buy large quantities of marijuana which would be transported back to the Philadelphia area for sale.

Tractor trailers and their drivers were used to provide the transportation. The Government contends that Defendant was a leader in this conspiracy. The Government also contends that its case against Defendant and his co-conspirators is very strong. The evidence against these Defendants includes, among other things, hundreds of hours of surveillance, video evidence, and telephone and cell site records. The discovery in this matter is voluminous. As a result, the case was declared complex and trial is not scheduled to begin until May of 2017. If Defendant is convicted, he faces life in prison and a mandatory minimum sentence of ten (10) years. Based upon the information available, the Government has preliminarily calculated Defendant's sentencing guideline range to be 210 to 262 months.

The record reflects that Defendant has been arrested six times and has one conviction. It also reflects that Defendant has used at least six alias names, has used two different dates of birth in addition to his actual date of birth, and has a Delaware driver's license in an alias name. In addition, Defendant's possession of cocaine with the intent to distribute on the date that he was arrested on the instant charges, is a violation of his DUI probation.

Defendant argues that he is 39 years old, has strong ties to the community, and has strong family ties. He argues that he has only one prior conviction and when he was taken into custody on the New York City fugitive warrant and the Delaware County fugitive warrant, he posted bail and appeared for all proceedings as required. He points to the fact that his assault on his wife was the unfortunate result of his losing his temper and that his wife has forgiven him. Defendant advises that his mother will post her home as security for his appearance and that placing him on electronic home confinement will assure his appearance at all proceedings related to this case. Defendant contends that he is not a risk of flight, is not a danger to the community, and that the presumption against release has been rebutted.

The Government does not dispute the fact that Defendant has strong family ties and strong ties to the community.  The Government contends, however, that the case against Defendant is substantial.  The government contends that the evidence will establish that Defendant was the leader of a sophisticated drug distribution conspiracy.  The Government contends that the extensive surveillance evidence and cell phone evidence, together with the testimonial evidence will establish the Defendant's guilt beyond a reasonable doubt.

With regard to the presumption that Defendant is a flight risk, the government points to the fact that Defendant failed to appear in the Delaware County DUI case for 20 years and only appeared when the fugitive warrant was discovered when he was arrested for assaulting his wife.  In addition, for the last 17 years he has failed to appear for the New York City drug case, even after being arrested twice on fugitive warrants from New York City.  Finally, the Government points to the fact that Defendant has lived outside of the United States in the Middle East for a period of time with his wife by Islamic marriage.  The Government argues that in this day and age if Defendant really wants to leave this country, he will be able to do so even without his official passport.

With regard to the presumption that Defendant is a danger to the community, the Government points to Defendant's assault on his wife, the fact that he has six prior arrests and one prior conviction, the fact that he was in possession of cocaine with the intent to distribute when he was arrested in this case, and the facts of this case, which are very strong.  The Government also points to the fact that it has filed a Notice of Forfeiture listing 21 properties which it contends were purchased with the proceeds from Defendant's drug conspiracy, and it notes that Defendant's mother, who is going to post her property as security to ensure Defendant's appearance, has been involved in Defendant's property transactions.

We are satisfied that Defendant has failed to rebut the presumption that he is a flight risk and that he is a danger to the community.  Defendant is 39 years old.  He faces a mandatory minimum jail sentence of ten years with a maximum of life.  Under the Sentencing Guidelines it would appear that Defendant is facing 17 to 22 years in prison.  Notwithstanding Defendant's strong family ties and strong ties to the community, Defendant has a very strong incentive to not appear for trial.  The fact that Defendant has lived outside the United States with his wife is significant in this regard.  Moreover, on two prior occasions, Defendant did fail to appear. Defendant has provided no real explanation for either of these failures. The fact that he has been arrested twice on the New York City fugitive warrant and has never gone to New York to address the problem is troubling.

Defendant has six prior arrests and at least one prior conviction.  He has a history of violence and involvement with drugs, and he uses alias names, uses several different dates of birth, and has a Delaware license in an alias name. He is presently on probation and the facts giving rise to Count Ten of the instant Indictment are a violation of that probation.

For all of these reasons, the Order of October 21, 2016, directing that Defendant remain in detention was perfectly appropriate.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**

7